IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID RIDDLEHOOVER, on behalf of himself and all others similarly situated,<br>　　Plaintiff,<br><br>v.<br><br>PREMIER TOWING, LLC and BENJAMIN BUSBEE,<br><br>　　Defendants. | CIVIL ACTION FILE NO.<br><br>For Violations of the Fair Labor Standards Act of 1938, As Amended<br><br>JURY TRIAL DEMANDED |

# **COMPLAINT**

COMES NOW the Plaintiff, David Riddlehoover ("Plaintiff" or "Riddlehoover"), by and through his undersigned counsel, files this Complaint on behalf of himself and all others similarly situated against Defendants Premier Towing, LLC and Benjamin Busbee pursuant to Section 216(b) of the Fair Labor Standards Act of 1938, as amended ("the FLSA"), and in support thereof would state as follows:

## **I. INTRODUCTION**

1. The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended, to remedy violations of the overtime provisions of the Act by Defendants which have deprived the named Plaintiff of his lawful wages.

2. Other current and former employees of Defendants are also entitled to receive regular and overtime compensation for the reasons alleged in this Complaint. The above-named Plaintiff is permitted to maintain this action "for and on behalf of themselves and other employees similarly situated." 29 U.S.C. § 216(b). Any similarly situated employee wishing to become a party plaintiff to this action must provide "his consent in writing to become such a party," and such consent must be filed with this Court. 29 U.S.C. § 216(b).

3. This action is brought to recover unpaid regular and overtime compensation owed to the Plaintiff pursuant to the FLSA. The Plaintiff has been employed by Defendants, working as a tow-truck driver for Defendants in and around Byron, Georgia.

4. During the applicable statute of limitations prior to the filing of this Complaint (three years), Defendants have committed violations of the FLSA by failing to compensate Plaintiff at an overtime rate for hours worked in excess of 40 hours in a given workweek.

5. Plaintiff seeks unpaid compensation for work performed, an equal amount of liquidated damages to compensate him for the delay in payment of money due which Defendants instead used as working capital, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## II.  JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this action is being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

7. Venue is proper in the Middle District of Georgia under 28 U.S.C. § 1391 (b)-(c) because all of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants conduct business within this District.

## III.  PARTIES

8. Plaintiff DAVID RIDDLEHOOVER resides in Byron, Georgia. Riddlehoover was employed by the Defendants as a tow-truck driver.  He worked for Defendants within this District.  Plaintiff worked solely within the State of Georgia.  Plaintiff's duties typically included rendering roadside automotive assistance and towing vehicles.

9. At all times material to this action, the named Plaintiff was an "employee" of Defendants as defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within ten years preceding the filing of this lawsuit.  This same individual is further covered by § 206 and § 207 of the FLSA for the period in which he was employed by Defendants.

10. Defendant PREMIER TOWING, LLC is a corporation based in Gaston, South Carolina, which conducts business within this State and District and maintains its principal place of business at 954 Meadowfield Rd, Gaston, South Carolina 29053. PREMIER TOWING, LLC owns and operates a business specializing in providing towing services to the general public.

11. PREMIER TOWING, LLC is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Benjamin Busbee, 954 Meadowfield Rd., Gaston, South Carolina 29053.

12. Defendant PREMIER TOWING, LLC maintains actual and constructive control, oversight, and direction over the operation of its employees.

13. Defendant BENJAMIN BUSBEE is the owner and operator of PREMIER TOWING, LLC, Inc., and has actual and constructive control, oversight, and direction over the day-to-day operations of PREMIER TOWING, LLC, including, but not limited to, the compensation of PREMIER TOWING, LLC employees and the hours those employees work.

14. At all times material to this action, Defendant PREMIER TOWING, LLC was an enterprise engaged in commerce, as defined by Section 203(s)(1) of the FLSA. Defendant PREMIER TOWING, LLC specializes in providing tow truck services in the States of Georgia and South Carolina. Defendant

PREMIER TOWING, LLC utilizes bank accounts with banking entities which transact business outside the State of Georgia.  Defendant PREMIER TOWING, LLC utilizes tools manufactured outside the state of Georgia for the benefit of Defendant PREMIER TOWING, LLC's clients.  Technology, such as computers and telephones, which were manufactured outside the state of Georgia, is integral to the running of Defendant PREMIER TOWING, LLC's business.  At all times material to this action, Defendant PREMIER TOWING, LLC has had an annual gross volume of business which exceeded $500,000.00 at all times material to this action.

15. At all times material to this action, Defendants were "employers" of the named Plaintiff, as defined by § 203(d) of the FLSA.

16. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## IV.  VIOLATIONS OF THE FLSA

**COUNT 1- Violations of the minimum wage provisions of the FLSA**

17. Defendants employed Plaintiff as a tow-truck driver in Byron, Georgia

18. Plaintiff was employed by Defendants from November 15, 2020, until March 1, 2021.

19. During each week of Plaintiff's employment with Defendants, Plaintiff worked in excess of 40 hours per week, but was only compensated for 40

hours of work per week.  Specifically, Plaintiff typically worked between 5:30 a.m. through 10:00 p.m., Monday through Friday.

20. Plaintiff was paid approximately one thousand dollars ($1,000.00) per week at the rate of twenty-five dollars ($25.00) per hour for forty (40) hours.

21. Plaintiff did not receive any compensation for hours worked in excess of forty during the following weeks applicable to this action: 11/16/20, 11/23/20, 11/30/20, 12/7/20, 12/14/20, 12/21/20, 12/28/20, 1/4/21, 1/11/21, 1/18/21, 1/25/21, 12/1/21, 2/8/21, 2/15/21, and 2/22/21.

## COUNT II – Unpaid Overtime Compensation

22. Plaintiff regularly worked in excess of 80 hours per week.

23. Plaintiff seeks unpaid overtime compensation for at least 42.5 hours per week at his normal hourly rate of twenty-five dollars and zero cents ($25.00) per hour.  Specifically, Plaintiff seeks no less than twenty-three thousand six hundred twenty-five dollars and zero cents ($23,625.00) (42 [hours] X $25.00 [per hour] X 1.5 [overtime rate] X 15 [weeks]) in unpaid overtime compensation.  Plaintiff seeks liquidated damages equal to that amount, for a total claim of unpaid overtime wages of forty-seven thousand two hundred fifty dollars and zero cents ($47,250.00), plus attorney's fees and costs.

## V.  PRAYER FOR RELIEF

WHEREFORE, the named Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That Plaintiff be awarded damages in the amount of his unpaid overtime compensation, plus an equal amount of liquidated damages to compensate Plaintiff for the delay in payment of overtime compensation due which the Defendants unlawfully used instead as working capital of the business.

B. That Plaintiff be awarded prejudgment interest;

C. That Plaintiff be awarded reasonable attorneys' fees;

D. That Plaintiff be awarded the costs and expenses of this action; and

E. That Plaintiff be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 3rd day of May, 2021.

        /s/ Tyler B. Kaspers
        Tyler B. Kaspers, Ga. Bar No. 445708
        THE KASPERS FIRM, LLC
        152 New Street, Suite 109B
        Macon, GA  31201
        404-944-3128
        tyler@kaspersfirm.com

        Counsel for Plaintiff