UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DAVID RIDDLEHOOVER,
on behalf of himself and all others
similarly situated
        Plaintiff,

v.                                    Case No. 5:21-cv-00152

PREMIER TOWING, LLC and
BENJAMIN BUSBEE,

        Defendants.
_____/

### DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, Premier Towing, LLC ("Premier Towing") and Benjamin Busbee ("Busbee") (collectively, "Defendants"), answer the Complaint filed by Plaintiff, David Riddlehoover ("Plaintiff"), in correspondingly numbered paragraphs as follows:

### I.    INTRODUCTION

1. Defendants admit Plaintiff brought this Complaint under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, but otherwise deny the allegations set forth in Paragraph 1 of the Complaint.

2. Defendants deny the allegations set forth in Paragraph 2 of the Complaint.


3. Defendants admit that Premier Towing employed Plaintiff as a tow-truck driver in and around Byron, Georgia. Defendants deny the remaining allegations set forth in Paragraph 3 of the Complaint.

4. Defendants deny the allegations set forth in Paragraph 4 of the Complaint.

5. Defendants deny the allegations set forth in Paragraph 5 of the Complaint.

## II.   JURISDICTION AND VENUE

6. Defendants admit the allegations set forth in Paragraph 5 of the Complaint.

7. Defendants admit the venue is proper but otherwise deny allegations set forth in Paragraph 6 of the Complaint.

## III.   PARTIES

8. Defendants are without knowledge regarding Plaintiff's current residence and therefore deny that allegation. Busbee denies the remaining allegations as to Busbee. Premier Towing admits the remaining allegations as to Premier Towing only.

9. Defendants deny the allegations set forth in Paragraph 7 of the Complaint.

10. Defendants admit the allegations set forth in Paragraph 8 of the Complaint.

11. Defendants admit the allegations set forth in Paragraph 9 of the Complaint.

12. Defendants deny the allegations set forth in Paragraph 10 of the Complaint.

13. Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

14. Defendants admit the allegations set forth in Paragraph 12 of the Complaint.

15. Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

16. Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

### IV.   ALLEGED VIOLATIONS OF THE FLSA

**COUNT I- Alleged violations of the minimum wage provisions of the FLSA**

17. Premier Towing admits and Busbee denies the allegations set forth in Paragraph 15 of the Complaint.

18. Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

19. Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

20. Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

21. Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

### COUNT II – Alleged Unpaid Overtime Compensation

22. Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

23. Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

### V. PRAYER FOR RELIEF

In response to WHEREFORE Paragraph following Paragraph 23 of the Complaint, Defendants deny all factual allegations and deny that Plaintiff is entitled to any relief in this action.

### GENERAL DENIAL

All allegations not expressly admitted are denied.

### FIRST DEFENSE

Plaintiff's claims for liquidated damages are barred to the extent Defendants acted in good faith and had reasonable grounds for believing their actions were not

in violation of the FLSA.

## SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## THIRD DEFENSE

Plaintiff cannot establish that any acts or omissions of Defendants were in willful violation of the FLSA.

## FOURTH DEFENSE

Plaintiff's claims are barred because Plaintiff was paid all wages due.

## FIFTH DEFENSE

Even crediting the allegations of the Complaint, the activities for which Plaintiff was allegedly not compensated involve only insubstantial and insignificant periods of time, or are *de minimis*, and are not compensable under the FLSA or any other applicable law or regulation.

## SIXTH DEFENSE

To the extent Plaintiff is entitled to damages, Defendants are entitled to a credit or set off against amounts overpaid during Plaintiff's employment.

## SEVENTH DEFENSE

Some or all of the disputed time for which Plaintiff seeks recovery of wages purportedly owed was spent engaged in activities which were not hours worked under the FLSA and other applicable laws and were not an integral and

indispensable part of Plaintiff's principal activities.

## EIGHTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff seeks compensation for activities that are non-compensable under the Portal to Portal Act, including 29 U.S.C. § 254(a).

## NINTH DEFENSE

Without forgoing any and all of the defenses herein, and without admitting any liability on behalf of the Defendants, to the extent Plaintiff is entitled to any overtime damages, such overtime would be calculated at one half of Plaintiff's regular rate of pay.

## TENTH DEFENSE

Plaintiff was exempt from overtime pay under 29 U.S.C. § 207(i).

## ELEVENTH DEFENSE

Because discovery has not yet begun, Defendant cannot fully anticipate all defenses which may be applicable to this action. Accordingly, Defendant reserves the right to assert additional defenses.

Dated this 6th day of July, 2021.

           Respectfully submitted,

           SPIRE LAW, LLC
           2572 W. State Road 426, Suite 2088
           Oviedo, Florida 32765

           By:   /s/Whitney M. DuPree
                    Whitney M. DuPree, Esq.
                    Georgia Bar No. 880909
                    whitney@spirelawfirm.com
                    ashwin@spirelawfirm.com
                    sarah@spirelawfirm.com
                    laura@spirelawfirm.com

           Attorney for Defendants | PREMIER TOWING, LLC and BENJAMIN BUSBEE

## CERTIFICATE OF SERVICE

I hereby Certify that on this 6th day of July, 2021, the foregoing was electronically filed with the Court by using the Middle District of Georgia's CM/ECF portal, which will send a notice of electronic filing to: Tyler B. Kaspers, THE KASPERS FIRM, LLC 152 New Street, Suite 109B Macon, GA 31201 404-944-3128 tyler@kaspersfirm.com.

           */s/ Whitney DuPree*
           Attorney